**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Joel Solano, individually and on behalf of
other employees similarly situated, Plaintiffs
v.

Roins Produce, Inc., and John Tsekos,
individually, Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Joel Solano, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiff") through counsel, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA") and 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and complains against Roins Produce, Inc. (hereinafter, "Roins Produce"), and John Tsekos, individually, (collectively, "Defendants") and in support of this Complaint, states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the IMWL, 820 ILCS § 105/1 *et seq.*, for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiff was employed by Defendants in Cook County, Illinois, which is in this judicial district.

8. During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce.

9. During the course of his employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq.*

### Defendants

10. Defendant Roins Produce is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Based on information and belief, Defendant Roins Produce has annual gross sales of $500,000.00 or more.

12. Defendant Roins Produce is located at 2300 West Lake Street, Chicago, Illinois.

13. Defendant Roins Produce was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

14. Defendant Roins Produce is a wholesaler of fruits and vegetables operating in the Chicagoland area.

15. Based on information and belief, Defendant Roins Produce does not operate or do business outside the state of Illinois.

16. Defendant John Tsekos is the owner of Roins Produce and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

17. Defendant John Tsekos was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the Chicago Ordinance, §1-24.

18. Based on information and belief, Defendant John Tsekos resides and is domiciled in this judicial district.

## FACTS

19. Plaintiff worked for Defendants from August 2014 until May 31, 2016.

20. While employed by Defendants Plaintiff's job duties included, but were not limited to, picking, verifying orders, and unloading.

21. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

22. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks.

23. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff regularly worked sixty (60) hours per week.

24. Plaintiff only occasionally had a thirty (30) minute lunch break.

25. In the three (3) years prior to Plaintiff filing this Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

26. Defendants paid Plaintiff weekly.

27. Defendants paid Plaintiff by check.

28. Defendants paid Plaintiff a fixed salary of $950.00 per week.

29. Plaintiff did not supervise the work of two (2) or more of Defendants' other employees.

30. Plaintiff did not have the authority to hire or fire Defendants' employees.

31. Plaintiff did not have the authority to make suggestions as to the hiring or firing of Defendants' employees.

32. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

33. Instead, Defendants paid Plaintiff his regular hourly rate for all hours worked in excess of forty (40) hours per week.

34. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA or the IMWL.

35. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times their regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

36. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

38. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

41. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

42. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

43. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

44. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

45. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendant's violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

6

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys